**Appeal Dismissed and Memorandum Opinion filed January 29, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00020-CR
### NO. 14-19-00021-CR
### NO. 14-19-00022-CR
### NO. 14-19-00023-CR

**KENNETH WAYNE PHILLIPS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 923443, 923444, 924337, and 924338**

## M E M O R A N D U M   O P I N I O N

Appellant, Kenneth Wayne Phillips, pleaded guilty to and was convicted of four offenses on February 18, 2003: possession of a firearm (trial number 923443, appeal number 14-19-00020-CR); theft of a firearm (trial number 923444, appeal number 14-19-00021-CR); aggravated assault (trial number 924337, appeal number 14-19-00022-CR); and aggravated robbery (trial number 924338, appeal number 14-19-00023-CR). Pursuant to the terms of a plea-bargain agreement between appellant

and the State, the trial court sentenced appellant to 35 years' imprisonment for each offense, with the sentences to run concurrently. Appellant filed a notice of appeal from each judgment of conviction on December 26, 2018.

We lack jurisdiction over these appeals for two reasons: the notices of appeal were not filed timely, and these are plea bargain cases with no appealable matters and appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Appellant's notices of appeal were filed nearly sixteen years after the sentences were imposed. Therefore, the appeals were not timely perfected.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2). Appellant's punishments do not exceed the agreed lengths of confinement. The records do not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeals.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

2